UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Criminal Action No. 5: 04-091-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| MARK STARR, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant/Movant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant/Movant Mark Starr's Motion Seeking Relief From Final Judgment Under Federal Rules Of Civil Procedure 60(b)(2), (4), and (6). [Record No. 79] For the reasons discussed below, Starr is not entitled to any relief from this Court's prior rulings, orders or the criminal judgment entered in 2004. Accordingly, his motion will be denied.

**I.**

Starr entered a guilty plea on September 10, 2004, to five counts of producing child pornography in violation of 18 U.S.C. § 2251(b) & (d) and five counts or possessing child pornography in violation of 18 U.S.C. § 2252(a)(2) & (b)(1). [Record Nos. 5, 13] The production of child pornography referenced in Count 1 involved a six year old female and occurred in or about September 2002. The production charged in Count 2 involved a nine year old female and occurred in or about July 2003. The production charged in Count 3 involved a thirteen year old female and occurred in or about July 2003. Count 4 involved production of

child pornography involving a different thirteen year old female, but also occurred in or about July 2003. Finally, the production charged in Count 5 involved a fourteen year old female (the same child involved in Count 4) and occurred in or about December 2003.

The Plea Agreement accompanying Starr's guilty plea sets for the elements for the counts of conviction (Counts 1 through 10) as well as the factual basis for the guilty plea. It provides, in relevant part, that:

> 3. The essential elements to the charges set forth in Count 1 of the Indictment are as follows:
>
> **<u>Counts 1 through 5</u>**
>
> First, the defendant was a person having custody or control of a minor, that is, a six year old female, a 9 year old female and two 13 year old females;
>
> Second, the defendant knowingly permitted the minor to engage in sexually explicit conduct, that is the lascivious exhibition of their genital or pubic area, or other sexually explicit acts.
>
> Third, the defendant did so for the purpose of producing visual depictions of such conduct;
>
> Fourth, the defendant had reason to know the visual depictions would be mailed or transported in interstate commerce, or the visual depictions had been produced using materials that were shipped and transported in interstate or foreign commerce.
>
> 4. As to the above captioned counts, the United States could prove the following facts beyond a reasonable doubt:
>
> Beginning in September of 2002, and continuing until late December of 2003, the defendant had care and custody of several different minor females. Three of the females were relatives of the defendant and one of the females was a student from Boyle County Middle School. On the dates set forth in Counts 1 through 5 of the indictment, the defendant permitted the females to engage in sexually explicit conduct for the purpose of producing visual depictions of which were produced using materials that had been shipped [in] interstate and foreign commerce. The

visual depictions were either produced at the defendant's home in Boyle County or at the Boyle County Middle School.

5.  The essential elements to the charges set forth in Counts 2 through 5 of the Indictment [sic] are as follows:

**Counts 6 through 10**

First, the defendants knowingly received visual depictions that had been mailed, and had been shipped or transported in interstate commerce, and/or contained materials which had been mailed, and or so shipped or transported, by any means including a computer;

Second, the production of such visual depictions involved the use of minors engaging in sexually explicit conduct;

Third, that such visual depictions were of minors engaged in sexually explicit conduct;

Fourth, the defendant knew that such visual depictions were of sexually explicit conduct;

Fifth, the defendant knew that at least one of the persons engaged in sexually explicit conduct in each visual depiction was a minor.

6.  As to the above counts, the United States could prove the following facts beyond a reasonable doubt:

On or about February of 2003, and continuing until on or about July of 2003, the defendant knowingly signed onto the world wide web through his internet service provider and located the various visual depictions charged in Counts 6 through 10 of the Indictment which were of minors engaged in sexually explicit conduct. The defendant utilized his computer which was located in Boyle County, Kentucky.  By virtue of his use of the world wide web, his internet service provider, and the use of a computer manufactured outside the state of Kentucky, the defendant agrees the visual depictions, or the materials involved in the receipt of the visual depictions were transported or shipped in interstate or foreign commerce.

[Record No. 21; Plea Agreement, pp. 1-3][1]

During the September 10, 2004 re-arraignment hearing, counsel for the United States specifically advised the Court that the interstate nexus element of Counts 1 through 5 was based on the defendant's use of equipment which had traveled in interstate or foreign commerce to produce the sexually explicit images. Conversely, Counts 6 through 10 involved the receipt of sexually explicit images of minors that had been transported in interstate or foreign commerce during the period February 1, 2003, through July 7, 2003. [Record No. 32, pp. 7-8, 25] In response to the Court's questions, Starr explained that, with respect to the first five counts, he took sexually explicit photographs of children under his care and custody. [*Id.* at p. 21-24] And with regard to the crimes charged in Counts 6 through 10, Starr admitted that he downloaded the images from the internet. [*Id.*]

Regarding the charges involving production of child pornography, the following exchange occurred during the September 10, 2004, hearing:

> THE COURT: [Referring to the images referenced in Counts 1 through 5] Now, were those then transmitted in interstate commerce?
>
> MR. WOHLANDER [AUSA]: They were not. They were charged under both prongs, Your Honor, but we would have only been able to prove that they were produced on a computer hard drive that was manufactured in interstate commerce.
>
> THE COURT: Okay. Now, Mr. Melville [Starr's counsel], you don't dispute that the computers were produced outside Kentuckky?
>
> MR. MELVILLE: No, Your Honor.

[Record No. 32, p. 25]

---

1   The Plea Agreement also documents the defendant's agreement to waive his right to appeal his guilty plea, conviction and sentence. [Record No. 21; Plea Agreement, p. 8]

On December 2, 2004, Defendant Starr was sentenced to a total term of imprisonment of 360 months, to be followed by a life-time term of supervised release. [Record No. 24] Thereafter, in violation of the terms of his written Plea Agreement, Starr filed a Notice of Appeals with the United States Court of Appeals for the Sixth Circuit. [Record No. 25] However, on June 2, 2005, the Sixth Circuit granted Starr's motion to withdraw his appeal. [Record No. 36]

Approximately one year after withdrawing his appeal with the Sixth Circuit, Starr filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. [Record No. 37] Through this motion, Starr asserted that he was denied effective assistance of counsel by his trial attorney. More specifically, Starr contended that the United States Probation Officer responsible for preparing his Presentence Investigation Report ("PSR") included statements regarding the defendant drugging the child victims and that attorney Melville did not take proper action to have this as well as other information removed from the PSR and not considered by the sentencing judge.[2] Starr's original § 2255 motion was supplemented several times to include additional claims for relief, including a contention that this Court lacked subject matter jurisdiction.

On July 31, 2007, United States District Judge Jennifer B. Coffman denied Starr's motion for collateral relief under § 2255. [Record No. 65] In adopting the Report and Recommendation of United States Magistrate Judge James B. Todd, Judge Coffman concluded that Starr had

---

2  This matter was originally assigned to United States District Judge Jennifer B. Coffman. Following Judge Coffman's retirement, the case was reassigned to the undersigned upon the filing of the current motion.

effectively waived his right to collaterally attack his guilty plea, conviction or sentence. [*Id.*] Starr appealed this determination, but was unsuccessful.

On December 3, 2008, the Sixth Circuit denied Starr's request that a Certificate of Appealability be issued to address the claims raised in his § 2255 petition. The court identified these claims to include assertions that: (i) Starr's trial counsel was ineffective for failing to object to false and inflammatory information in the PSR; (ii) the district court lacked subject matter jurisdiction; (iii) the use of the November 2003 Sentencing Guidelines violated the Ex Post Facto Clause, and his trial counsel was ineffective for failing to raise the issue; (iv) Starr should not have received a five-point sexual predator enhancement, and his trial counsel was ineffective for failing to challenge the enhancement; (v) Starr's trial counsel was ineffective for failing to inform him that Counts 1 through 5 of the Indictment charged that he knew that the depictions would be transported in interstate commerce, when the government could not prove this element; and (vi) the government violated the plea agreement by returning Starr's seized property to his ex-wife. [Record No. 70] The United States Supreme Court denied Starr's petition for a writ of certiorari concerning his habeas motion on May 4, 2009. [Record No. 73]

Thus, in May 2009, Starr has exhausted all appeals regarding the issues raised in his § 2255 motion. This includes Starr's claim that the government was required to prove that the sexually explicit images involved in Counts 1 through 5 must travel in interstate or foreign commerce – as opposed to simply requiring that the equipment used to produce the images have an interstate or foreign nexus – to obtain a conviction under the statute.

Although Starr's appeal of this Court's denial of his § 2255 motion became final on May 4, 2009, the defendant filed a second Notice of Appeal regarding his motion on September 8, 2009. [Record No. 75] That attempt to obtain further review of his habeas motion was also unsuccessful. However, in denying the relief sought, the Sixth Circuit directed the clerk of that court to docket the notice of appeal as an application for leave to file a successive § 2255 motion due to the language used in the defendant's pleading. [Record No. 76] That relief was also denied by a separate panel of the appellate court on July 9, 2010. [Record Nos. 77]

In its July 9, 2010 Order, the Sixth Circuit explained that it could not grant the requested relief because Starr had not demonstrated entitlement to relief under 28 U.S.C. § 2255(h). More specifically, he had not made a prima facie showing of newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense. Likewise, Starr had not identified a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court that was previously unavailable.

Undeterred, Starr filed a second request with the Sixth Circuit seeking to permission to file a second or successive motion to vacate, set aside, or correct his sentence. This motion was also denied by Order entered October 26, 2012. [Record No. 78] After identifying the alleged "newly discovered evidence" relied upon by Starr, the Sixth Circuit explained that the defendant was not entitled to the relief requested.

> Starr has now filed another motion seeking leave to file a second or successive motion to vacate his sentence under section 2255. Starr alleges to have discovered new evidence in the form of a police interview transcript that shows that: (1) the government improperly charged him with five counts for a single

-7-

instance of possession, and (2) the district court lacked jurisdiction because he did not transmit child pornography through interstate commerce.

We will certify a second or successive section 2255 motion only if it contains:

(1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *In re Green*, 144 F.3d 384, 388 (6th Cir. 1998).

We conclude that Starr's current motion does not meet this standard. Neither his proposed claim that the government improperly charged him, nor the claim that the district court lacked jurisdiction is based on a new rule of constitutional law. Moreover, even if the police interview transcript qualifies as newly discovered evidence, it does not establish his innocence.

[Record No. 78]

## II.

Starr's current motion for relief under Rule 60(b) is an obvious attempt to raise the same issues which the Sixth Circuit recently found to be insufficient grounds for the filing of a second or successive habeas petition. And while the Court might be justified in concluding that the current motion should be transferred to the Sixth Circuit for consideration of whether Starr should be permitted to file *another* successive petition, the Court will instead address the merits of his claim under Rule 60.

Starr argues that he is entitled to relief under Rule 60(b)(2), (4), and (6) of the Federal Rules of Civil Procedure for three reasons. First, he contends that he obtained "newly discovered evidence" consisting of a June 3, 2004, interview involving KSP Detective

Christopher Crockett and a victim of his offenses that allegedly demonstrates his innocence regarding the production counts. According to Starr, this interview proves his innocence because it establishes that he did not intend for the sexually explicit images which supports his conviction for Counts 1 through 5 to be transported in interstate commerce. This argument is also related to his second assertion that, to obtain a conviction under these counts, the government was required to prove transportation of the *images* – and not just the *equipment* used to produce the images – in interstate or foreign commerce. Thus, he argues that the judgment is void.

Regarding the remaining counts (Counts 6 through 10), Starr seems to argue that the Indictment is multiplicitious because he possessed the images of child pornography on the same date. In other words, he contends that he should have been charged with only one count of possession of child pornography. Contrary to his assertions, Starr's possession of multiple, distinct images of child pornography supports separate charges regardless of the date he downloaded these images. His claims to the contrary are specious.

To obtain relief from a judgment or order under Federal Rule of Civil Procedure 60(b)(2), a movant must demonstrate that he has obtained "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b) ". However, a party seeking relief under this subsection must do so within a reasonable time and "no more than a year after the entry of the judgment or order or the date of the proceeding. In the present case, the judgment which is the subject of Starr's motion was entered on December 6, 2004, and became final when the defendant chose to withdraw his appeal with the Sixth Circuit. Likewise, this Court's Memorandum Opinion and Order adopting the

Magistrate Judge's Report and Recommendation regarding Starr's § 2255 motion was entered July 31, 2007. Starr's appeal of that determination became final on December 30, 2008, when the Sixth Circuit denied the defendant's request for a Certificate of Appealability. While Starr claims seem to rely upon the denial of his most-recent motion for leave to file a second or successive petition with the Sixth Circuit as the operative, final date (*i.e.*, October 26, 2012), he may not rely upon that date as controlling under Rule 60(b) of the Federal Rules of Civil Procedure. Otherwise, the time limits contained in the rule would be meaningless. Thus, his claim under Rule 60(b)(2) is not timely.[3]

In addition to the fact that Starr's claim under Rule 60(b)(2) is time-barred, his underlying assertion that the June 3, 2004, transcript involving one of the victims constitutes newly discovered evidence is factually incorrect. And of equal significance, this Court comes to the same conclusion reached by the Sixth Circuit in October 2012: the claimed "new evidence" does not establish Starr's innocence. Further, as demonstrated above, the defendant was aware throughout this proceeding that the government was not asserting that Starr transported – or intended to transport – child pornography in interstate or foreign commerce to meet the interstate nexus requirement of the statute. Instead, counsel for the United States clearly indicated that this element of the offense was based on Starr's use of equipment which had been transported in interstate and/or foreign commerce. And because this element is constitutionally sufficient,

---

3   To the extent Starr seeks relief from the Sixth Circuit's October 26, 2012, denial of his motion for leave to file a second or successive motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255, he must obtain relief from that court under the provisions of 28 U.S.C. §§ 2244(b) and 2255(h).

Starr's claim the judgment is void under Rule 60(b)(4) also fails. *United States v. Bowers*, 594 F.3d 522, 527-29 (6th Cir.), *cert. denied*, 131 S.Ct. 340 (2010).

Starr also seeks relief under the catch-all provision of Rule 60(b)(6). While this subsection of the rule does not contain the explicit one-year limitation for seeking relief that applies to subsections (b)(1) through (b)(3), it nevertheless requires that the motion be filed within a reasonable time. Here, Starr's motion was not filed within a reasonable time because the basis for his interstate nexus argument was known early in the case. Further, there are two additional limitations to subsection (b)(6) which Starr cannot meet. First, to seek relief under the catch-all provision, no other subsection of Rule 60(b) applies. In other words, if the reasons offered for relief from the judgment can be considered under one or more specific clauses of Rule 60(b)(1)-(5), those reasons will not justify relief under Rule 60(b)(6). 12 *Moore's Federal Practice*, § 60.48[2] (Matthew Bender 3d ed.). Second, this subsection of Rule 60(b) "requires a showing of 'extraordinary circumstances.'" *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (citing cases, including *Ackermann v. United States,* 40 U.S. 193, 199 (1950)). Thus, under the facts outlined above, this subsection is inapplicable. Other sections of the rule would apply to Starr's argument and he cannot show extraordinary circumstances to justify his actions at this point in the proceedings.

### III.

For the foregoing reasons, it is hereby

**ORDERED** that Defendant Mark Starr's Motion Seeking Relief From Final Judgment Under Federal Rule of Civil Procedure 60(b)(2), (4), and (6) [Record No. 79] is **DENIED**.

This 16th day of April, 2013.

